O’Neall, J.
dissenting. I differ from my brethren in relation to the time at which the statute of limitations begins to run against a note payable on demand. The statute provides that the action of assumpsit shall be brought “ within four years next after the cause of such action or suit, and not after.” P. L. 102. The inquiry, to ascertain when did the statute begin to run, is, when did the cause of action accrue? The answér of the last is the answer of the former. The cause of action, on a note payable on demand, accrues from a demand made in fact, or one constructively made in law; of the latter description is a demand made by the institution of a suit. Were it not that this has been over and over again ruled as settled law, I should be disposed to say that this was not such a demand as would sustain the action. For although it is certainly a demand of payment, yet it is a demand made after action brought, and ought not, in legal contemplation, to be evidence that the defendant had refused to perform his contract before action brought. But absurd as it appears to be, it is clear law, that the commencement of the suit is a legal demand of payment sufficient to maintain the suit, which is itself the demand. When did the cause of action accrue on a note payable on demand ^ where the only evidence of demand is the commencement of the action. I answer, from the entry of the writ in the sheriff’s office. I admit that in the case of Woodward vs. Drennan, referred to in the opinion of my brother Johnson, it was held *188 that the statute of limitations began to run from the date of the note. But that case was decided twenty-one years ago, and has never been made public. In the mean time, other decisions have been made, which I hold have in effect overruled it. The case of Sinclair & Kiddle vs. the Administrators of Price, from the Court of Equity for Spartanburgh district, was decided by us in Dec. 1830, in which we held that the statute of limitations did not commence to run against a note payable on demand, from its date. The point was adjudged without argument or illustration, but still I feel myself as much bound by that opinion as if a volume had been written. The cases of Cannon vs. Beggs and Schmidt vs. Limehouse, have decided, if it is possible for our own adjudged cases to decide any thing, that a note payable on demand will not bear interest until a demand actually or constructively made. The case of Schmidt vs. Limehouse was fully argued, and was decided after a careful examinatioñ of the case and all the authorities ; and I have no hesitation in saying that the decision is right, both on reason and authority. If this be law, how can it be that the cause of action can accrue before a demand made 'l On a liquidated contract, I had always supposed that interest accrued from the time the sum stipulated to be paid was due, and generally on all contracts (except promissory notes and bills of exchange, which are allowed three days of grace,) that an action might be brought as soon as due, The time when the cause of action accrues, and when interest commences, must in general be the same. The case of Wright vs. Hamilton, 2 Bail. 51, is an authority in my favor. That was an action for money had and received by the defendant as sheriff of Abbeville, for the use of the plaintiff. It was held, and I think most clearly demonstrated, by my brother Johnson, that the statute did not commence to run until a demand made. In that case, it cannot be doubted that the plaintiff had as much right to demand payment the instant that the sheriff received the money, as the payee of a note payable on demand, has to demand payment the instant that it is signed. That, too, was a *189 present debt, “ due in the instant on demand, and if not paid, an action lies presently,” after demand actually made. In reasoning upon the case, my brother Johnson fixes the time when the cause of action accrued, by fixing the time when interest should commence to be computed ; see page 52. Thus recognizing the time from which the cause of action accrues, and the time when interest is to commence, as identical. Under our statute of limitations, I think that the plea of non assumpsit infra quatuor annos is a mis-pleading of the statute — it should be actio non accrevit infra quatuor annos ; for the statute runs from the accrual of the cause of action, and not from the time the promise is made. If this had been always kept in mind, it would have prevented many of the erroneous decisions in England and in this State, as to the effect of promises to prevent the operation of the statute of limitations, and to correct which the judges in England and in this State have been lately compelled to retrace their steps. I.think, with great deference to and for the opinion of my brethren, that the case under consideration looks more to the mistaken form of the plea, non assumpsit infra quatuor annos, than it does to when the cause of action accrued. For why was it ever thought necessary to be ruled that the bringing of the action was a demand of payment, if the law implied a demand from the fact of the note being an acknowledgment of a present debt? The very ruling of such a point shews that a demand, actual or constructive, was necessary to enable the party to sue. It is clear that it is, for it is the stipulation of the parties — and their contract, I hold, must be either actually or constructively complied with by the plaintiff before he can sue. I regret the conclusion of my brethren in this case, more on account of its effect on bank notes than any other. To save them from the operation of the rule of this case, we shall be compelled to review this decision, and make some distinction which may prevent its effect. For it is a mistake to suppose that they are universally made payable at the bank. Some are, and some are general promises to pay on demand — -as for example, the notes of the Planters and Me *190 chanics’ Bank, and the Commercial Bank at Columbia. I have one of the former before me, dated in 1823, payable on demand, without saying where the demand is to be made. If the decision in this case is right, is not that note barred by the statute of limitations 'l It is clear it must be, ■ unless we make some distinction to save it. And I am persuaded we must do it, for it would be an outrage on the common understanding with which bank notes are put into and suffered to remain in circulation, that the statute of limitations should run from their date. But the distinction which we shall then be compelled to make will be without any legal difference between the two cases to sustain it, and must be justified by the “special circumstances,” which may be a good excuse in foro conscientice, but is no reason for a legal judgment. Neither will it do to say that the re-issuing of a bank note is a new assumpsit, which prevents the operation of the statute of limitations. How is the day on which it is re-issued to be ascertained ? It can rarely be proved. In legal intendment, the note is regarded as issued on the day on which it bears date — and unless the fact of being re-issued can be proved, it follows that no other time can be fixed, and the statute must, according to the principles of this decision, commence to run from the date. I think the verdict was right, and that the motion for a new trial ought to be dismissed.